# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| ------------------------------------------------------- | |
| This document relates to: | |
| | |
| *Avalon Holdings Inc., et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-03715 |
| *South Yorkshire Pensions Authority, et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-02362 (cons.) |
| *Mondrian Global Equity Fund, L.P., et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-03621 |
| *Houston Municipal Employees Pension System, et anno.* v. *BP p.l.c. et al.* | No. 4:12-cv-03714 |
| *Stichting Pensioenfonds Metaal en Techniek, et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-00069 |
| *HESTA Super Fund* v. *BP p.l.c. et al.* | No. 4:13-cv-00129 |
| *KBC Asset Management NV, et anno.* v. *BP p.l.c. et al.* | No. 4:13-cv-00517 |
| *Deutsche Asset Management Investmentgesellschaft mbH* v. *BP p.l.c. et al.* | No. 4:13-cv-00887 |
| *New York City Employees' Retirement System et al.* v. *BP p.l.c. et al.* | No. 4:13-cv-01393 |
| *Nova Scotia Health Employees' Pension Plan* v. *BP p.l.c., et al.* | No. 4:13-cv-03397 |
| | Honorable Keith P. Ellison |

## STIPULATION AND ORDER IN ADVANCE OF MOTION TO DISMISS BRIEFING

WHEREAS, on November 30, 2012, plaintiffs Alameda County Employees'
Retirement Association, et al., filed their First Amended Consolidated Complaint in case no.
4:12-cv-01256 ("Alameda");

WHEREAS, on December 21, 2012, BP p.l.c. ("BP"), BP America Inc., BP Exploration & Production Inc., Anthony Hayward, Douglas Suttles, Andrew Inglis, Robert Malone, David Rainey, H. Lamar McKay and Robert Dudley filed a consolidated motion to dismiss the complaint in Alameda (the "Motion");

WHEREAS, a complaint and amended complaints[1] incorporating a number of the same statements alleged to be false or misleading in the Alameda complaint were filed in the above-captioned actions[2] against the same defendants as well as against Byron Grote, John Browne, and Peter Sutherland[3] (together, the "Defendants");

WHEREAS, by an order dated September 30, 2013 and entered on October 3, 2013, the Court granted in part and denied in part the Motion in Alameda;

WHEREAS, by an order entered on November 25, 2013, the Court granted Defendants' Motion for Reconsideration Regarding Application of the PSLRA's Pleading Standards to Plaintiffs' Exchange Act Claims and on December 2, 2013 amended and reissued the order granting in part and denying in part the Motion in Alameda (the "Order");

WHEREAS, the parties in the above-captioned actions have conferred, and agree that the Court will most likely deem the Order to be applicable to the above-captioned actions concerning, *inter alia*, the issues of choice of law, Defendants' intent to induce reliance, the

---

[1] No amended complaint was filed in *New York City Employees' Retirement System et al.* v. *BP p.l.c. et al.*, no. 4:13-cv-01393.

[2] The above-captioned actions are herein referenced as "Avalon," "South Yorkshire," "Mondrian," "Houston," "Stichting," "HESTA," "KBC," "Deutsche," "NYC," and "Nova Scotia," corresponding to the order in which they are listed in the caption to this stipulation. All citations to these actions refer to the operative complaint in each.

[3] These three individuals are additional defendants in Avalon, and Houston.

standards for actual reliance, and whether certain statements alleged to be false or misleading are actionable, and are stipulating to the same;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties, subject to the Court's approval, that English law applies to all claims in the above-captioned actions, except for the Exchange Act claims asserted by Plaintiffs identified in the NYC complaint as NYCERS, Fire, BERS and TVF, and the Plaintiff identified in the Stichting complaint as PME.

IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the undersigned parties, subject to the Court's approval, that the following claims from the above-captioned actions are hereby dismissed:

- All claims for common-law aiding and abetting fraud.

- All claims for statutory fraud under Texas law.

- All claims for alleged violations of the Texas Securities Act.

- All claims based on the alleged statements made in the November 29, 2006 investor meeting.  (*See* Mondrian ¶ 451(a); NYC ¶ 452(a).)

- All claims based on the alleged statements in the January 16, 2007 press release.[4]  (*See* South Yorkshire ¶¶ 336-37; HESTA ¶¶ 334-335; Mondrian ¶¶ 338-39; NYC ¶¶ 340-41; Stichting ¶¶ 338-39; Avalon ¶ 226; Houston ¶ 186; KBC ¶ 84; Deutsche ¶ 83.)

- Deceit and Exchange Act claims based on the alleged statements made in the February 7, 2007 investor meeting.  (*See* Mondrian ¶ 451(b); NYC ¶ 452(b); Nova Scotia ¶ 419(a).)

- All claims based on the alleged statements made in BP's 2006 Sustainability Report dated May 9, 2007.  (*See* South Yorkshire ¶ 339; HESTA ¶ 337; Mondrian ¶ 341; NYC ¶ 343; Stichting ¶ 341; Avalon ¶¶ 229, 231; Houston ¶¶ 189, 191; KBC ¶ 86; Deutsche ¶ 85.)

---

[4] This press release was also filed as a Form 6-K with identical content.  While the Form 6-K was not directly addressed in the Alameda Order, the parties stipulate that any claims asserted based on the Form 6-K are dismissed as well.

- All claims based on Malone's May 16, 2007 testimony before the U.S. House of Representatives Committee on Energy and Commerce. (*See* South Yorkshire ¶ 341; HESTA ¶ 339; Mondrian ¶ 343; NYC ¶ 345; Stichting ¶ 343; Avalon ¶ 233; Houston ¶ 193; KBC ¶ 87; Deutsche ¶ 86.)

- All claims based on the alleged statements made in the September 17, 2007 investor meeting. (*See* Mondrian ¶ 451(c); NYC ¶ 452(c).)

- All claims based on the alleged statements in BP's press release dated October 25, 2007. (*See* South Yorkshire ¶¶ 343-44; HESTA ¶¶ 341-42; Mondrian ¶¶ 345-46; NYC ¶¶ 347-48; Stichting ¶¶ 345-46; Avalon ¶ 235; Houston ¶ 195; KBC ¶ 89; Deutsche ¶ 88.)[5]

- Malone is dismissed as a defendant in the above-captioned actions.

- Deceit and negligent misstatement claims based on Hayward's alleged statements at the November 8, 2007 Houston Forum. (*See* South Yorkshire ¶ 346; HESTA ¶ 344; Mondrian ¶ 348; NYC ¶ 350; Stichting ¶ 348; Avalon ¶ 237; Houston ¶ 197; KBC ¶ 91; Deutsche ¶ 90.)

- Negligent misstatement claims based on Hayward's alleged statements in BP's 2007 Annual Review dated February 22, 2008. (*See* South Yorkshire ¶ 348; HESTA ¶ 346; Mondrian ¶ 350; NYC ¶ 352; Stichting ¶ 350; Avalon ¶ 241; Houston ¶ 201; KBC ¶ 95; Deutsche ¶ 94; Nova Scotia ¶ 335.)

- Negligent misstatement claims based on the alleged statements made during the February 27, 2008 strategy presentation call. (*See* South Yorkshire ¶ 350(a); HESTA ¶ 348(a); Mondrian ¶ 352(a); NYC ¶ 354(a); Stichting ¶ 352(a); Avalon ¶ 243; Houston ¶ 203; KBC ¶ 97; Deutsche ¶ 96; Nova Scotia ¶ 337(a).)

- All claims based on the alleged statements made in the March 3, 2008 investor meeting. (*See* Mondrian ¶ 451(d); NYC ¶ 452(d).)

- Negligent misstatement claims based on the alleged statements in BP's 2007 Annual Report (Form 20-F) dated March 4, 2008. (*See* South Yorkshire ¶

---

[5] This press release was also filed as a Form 6-K with identical content. While the Form 6-K was not directly addressed in the Alameda Order, the parties stipulate that any claims asserted based on the Form 6-K are dismissed as well.

352; HESTA ¶ 350; Mondrian ¶ 354; NYC ¶ 356; Stichting ¶ 354; Avalon ¶ 245; Houston ¶ 205; Nova Scotia ¶ 339.)[6]

- Negligent misstatement claims based on Hayward's speech at BP's Annual General Meeting on April 17, 2008. (*See* South Yorkshire ¶¶ 354-55; HESTA ¶¶ 352-53; Mondrian ¶¶ 356-57; NYC ¶¶ 358-59; Stichting ¶¶ 356-57; Avalon ¶ 247; Houston ¶ 207; KBC ¶ 99; Deutsche ¶ 98; Nova Scotia ¶¶ 341-42.)[7]

- Negligent misstatement claims based on Hayward's speech at the HRH Prince of Wales's 3rd Annual Accounting for Sustainability Forum on December 17, 2008. (*See* South Yorkshire ¶ 357; HESTA ¶ 355; Mondrian ¶ 359; NYC ¶ 361; Stichting ¶ 359; Avalon ¶ 249; Houston ¶ 209; KBC ¶ 101; Deutsche ¶ 100; Nova Scotia ¶344.)

- Negligent misstatement claims based on the alleged statements attributed to Hayward in BP's 2008 Annual Review dated February 24, 2009, as well as all claims based on the unattributed alleged statements in this document. (*See* South Yorkshire ¶¶ 359-60; HESTA ¶¶ 357-58; Mondrian ¶¶ 361-62; NYC ¶¶ 363-64; Stichting ¶¶ 361-62; Avalon ¶¶ 252-53; Houston ¶¶ 212-13; Nova Scotia ¶¶ 346-47.)

- Negligent misstatement claims based on the alleged statements in BP's 2008 Annual Report (Form 20-F) dated March 4, 2009. (*See* South Yorkshire ¶¶ 362-63; HESTA ¶¶ 360-61; Mondrian ¶¶ 364-365; NYC ¶¶ 366-67; Stichting ¶¶ 364-65; Avalon ¶¶ 255-56; Houston ¶¶ 215-16; Nova Scotia ¶ 349-350.)

- Deceit and negligent misstatement claims based on the alleged statements in BP's Initial Exploration Plan dated March 10, 2009. (*See* South Yorkshire ¶¶ 365-68; HESTA ¶¶ 363-66; Mondrian ¶¶ 367-70; NYC ¶¶ 369-72; Stichting ¶¶ 367-70; Avalon ¶¶ 259-60; Houston ¶¶ 219-20; KBC ¶¶ 104-05; Deutsche ¶¶ 103-04.)

- All claims based on the alleged statements made in the March 17, 2009 investor meeting. (*See* Mondrian ¶ 451(e); NYC ¶ 452 (e).)

- Negligent misstatement claims based Hayward's alleged statements in BP's 2008 Sustainability Review dated April 16, 2009. (*See* South Yorkshire ¶ 375; HESTA ¶ 373; Mondrian ¶ 377; NYC ¶ 379; Stichting ¶ 377; Avalon ¶ 270; Houston ¶ 230; Nova Scotia ¶ 352.)

---

[6] This statement was not addressed in the Alameda Order, but rather in the Order in *Connecticut Retirement Plans and Trust Funds et al.* v. *BP p.l.c. et al.*, No. 4:12-cv-1272. (*See* Order entered Dec. 2, 2013 (Doc. 103) at 3 & n.4.)

[7] This press release was also filed as a Form 6-K with identical content. While the Form 6-K was not directly addressed in the Alameda Order, the parties stipulate that any claims asserted based on the Form 6-K are dismissed as well.

- Deceit and negligent misstatement claims based on the alleged statements in BP's Regional Oil Spill Response Plan for the Gulf of Mexico dated June 30, 2009.  (*See* South Yorkshire ¶ 377; HESTA ¶ 375; Mondrian ¶ 379; NYC ¶ 381; Stichting ¶ 379; Avalon ¶ 272; Houston ¶ 232; KBC ¶ 107; Deutsche ¶ 106.)

- All claims based on Rainey's testimony before the U.S. Senate Committee on Energy and Natural Resources on November 19, 2009.  (*See* South Yorkshire ¶¶ 379-80; HESTA ¶¶ 377-78; Mondrian ¶¶ 381-82; NYC ¶ 383-84; Stichting ¶¶ 381-82; Avalon ¶¶ 275-276; Houston ¶¶ 235-36; KBC ¶¶ 109-110; Deutsche ¶¶ 108-109.)

- Rainey is dismissed as a defendant in the above-captioned actions, except those that name him as a Section 20(a) Defendant.  Such claims are being pursued by plaintiffs identified in the NYC complaint as NYCERS, Fire, BERS and TVF, the plaintiff identified in the Stichting complaint as PME.

- Negligent misstatement claims based on the alleged statements in BP's 2009 Annual Review dated February 26, 2010.  (*See* South Yorkshire ¶ 382; HESTA ¶ 380; Mondrian ¶ 384; NYC ¶ 386; Stichting ¶ 384; Avalon ¶ 279; Houston ¶ 239; Nova Scotia ¶ 354.)

- All claims based on the alleged statements made in the March 3, 2010 investor meeting.  (*See* Mondrian ¶ 451(f); NYC ¶ 452(f).)

- Negligent misstatement claims based on the alleged statements in BP's 2009 Annual Report (Form 20-F) dated March 5, 2010.  (*See* South Yorkshire ¶ 384; HESTA ¶ 382; Mondrian ¶ 386; NYC ¶ 388; Stichting ¶ 386; Avalon ¶ 282; Houston ¶ 242; KBC ¶ 112; Deutsche ¶ 111; Nova Scotia ¶ 356.)

- Deceit and Exchange Act claims based on the alleged statements made in the March 18, 2010 investor meeting.  (*See* Mondrian ¶ 451(g); NYC ¶ 452(g); Nova Scotia ¶ 419(b).)

- Exchange Act and negligent misstatement claims based on Inglis's speech at the Howard Weil Energy Conference on March 22, 2010.  (*See* South Yorkshire ¶ 386; HESTA ¶ 384; Mondrian ¶ 388; NYC ¶ 390; Stichting ¶ 388; Nova Scotia ¶ 358.)

- Negligent misstatement claims based on Hayward's speech at the Peterson Institute for International Economics Conference on March 23, 2010.  (*See* South Yorkshire ¶ 388; HESTA ¶ 386; Mondrian ¶ 390; NYC ¶ 392; Stichting ¶ 390; Avalon ¶ 284; Houston ¶ 244; KBC ¶ 114; Deutsche ¶ 113; Nova Scotia ¶ 360.)

- Negligent misstatement claims based on Hayward's alleged statements in BP's 2009 Sustainability Review dated April 15, 2010, as well as all claims based on the unattributed alleged statements in this document. (*See* South Yorkshire ¶¶ 390, 392; HESTA ¶¶ 388, 390; Mondrian ¶¶ 392, 394; NYC ¶¶ 394, 396; Stichting ¶¶ 392, 394; Avalon ¶¶ 286, 288; Houston ¶¶ 246, 248; Nova Scotia ¶¶ 362, 364.)

- All claims based on the alleged statements in BP's 2009 Sustainability Report dated April 15, 2010. (*See* South Yorkshire ¶¶ 394-95; HESTA ¶¶ 392-93; Mondrian ¶¶ 396-97; NYC ¶¶ 398-99; Stichting ¶¶ 396-97; Avalon ¶¶ 290-91; Houston ¶¶ 250-51.)

- Negligent misstatement claims based on Suttles's alleged statements during the BP and NOAA Joint Press Conference on April 28, 2010. (*See* South Yorkshire ¶ 404; HESTA ¶ 402; Mondrian ¶ 406; NYC ¶ 408; Stichting ¶ 406; Avalon ¶ 300; Houston ¶ 260; KBC ¶ 134; Deutsche ¶ 133; Nova Scotia ¶ 373.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with The Early Show on April 29, 2010. (*See* South Yorkshire ¶ 406; HESTA ¶ 404; Mondrian ¶ 408; NYC ¶ 410; Stichting ¶ 408; Avalon ¶ 302; Houston ¶ 262; KBC ¶ 136; Deutsche ¶ 135; Nova Scotia ¶ 375.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with Good Morning America on April 29, 2010. (*See* South Yorkshire ¶ 406; HESTA ¶ 404; Mondrian ¶ 408; NYC ¶ 410; Stichting ¶ 408; Avalon ¶ 302; Houston ¶ 262; KBC ¶ 136; Deutsche ¶ 135; Nova Scotia ¶ 375.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with The Today Show on April 29, 2010. (*See* South Yorkshire ¶ 406; HESTA ¶ 404; Mondrian ¶ 408; NYC ¶ 410; Stichting ¶ 408; Avalon ¶ 302; Houston ¶ 262; KBC ¶ 136; Deutsche ¶ 135; Nova Scotia ¶ 375.)

- Negligent misstatement claims based on the alleged statement in BP's April 29, 2010 Form 6-K. (*See* South Yorkshire ¶ 409; HESTA ¶ 407; Mondrian ¶ 411; NYC ¶ 413; Stichting ¶ 411; Avalon ¶ 303; Houston ¶ 263; Nova Scotia ¶ 378.)

- Negligent misstatement claims based on the alleged statement in BP's April 30, 2010 Form 6-K. (*See* South Yorkshire ¶ 410; HESTA ¶ 408; Mondrian ¶ 412; NYC ¶ 414; Stichting ¶ 412; Avalon ¶ 304; Houston ¶ 264; Nova Scotia ¶ 379.)

- Negligent misstatement claims based on the alleged statement published on BP's corporate website on April 30, 2010. (*See* South Yorkshire ¶ 411;

HESTA ¶ 409; Mondrian ¶ 413; NYC ¶ 415; Stichting ¶ 413; Avalon ¶ 305; Houston ¶ 265; Nova Scotia ¶ 380.)

- Negligent misstatement claims based on the alleged statement in BP's May 4, 2010 Form 6-K. (See South Yorkshire ¶ 419; HESTA ¶ 417; Mondrian ¶ 421; NYC ¶ 423; Stichting ¶ 421; Avalon ¶ 311; Houston ¶ 271; Nova Scotia ¶ 388.)

- Negligent misstatement claims based Hayward's alleged statement during an interview with the Houston Chronicle on May 5, 2010. (See South Yorkshire ¶ 421; HESTA ¶ 419; Mondrian ¶ 423; NYC ¶ 425; Stichting ¶ 423; Avalon ¶ 307; Houston ¶ 267; KBC ¶ 143; Deutsche ¶ 142; Nova Scotia ¶ 390.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with Good Morning America on May 14, 2010. (See South Yorkshire ¶ 425; HESTA ¶ 423; Mondrian ¶ 427; NYC ¶ 429; Stichting ¶ 427; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 392.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with The Today Show on May 14, 2010. (See South Yorkshire ¶ 426; HESTA ¶ 424; Mondrian ¶ 428; NYC ¶ 430; Stichting ¶ 428; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 393.)

- Negligent misstatement claims based on Dudley's alleged statement quoted on CNN.com on May 14, 2010. (See South Yorkshire ¶ 427; HESTA ¶ 425; Mondrian ¶ 429; NYC ¶ 431; Stichting ¶ 429; Avalon ¶ 317; Houston ¶ 277; Nova Scotia ¶ 394.)

- Negligent misstatement claims based on Suttles's alleged statement during the Unified Command press briefing on May 17, 2010. (See South Yorkshire ¶ 430; HESTA ¶ 428; Mondrian ¶ 432; NYC ¶ 434; Stichting ¶ 432; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 397.)

- Negligent misstatement claims based on McKay's testimony before the U.S. House of Representatives Committee on Transportation and Infrastructure on May 19, 2010. (See South Yorkshire ¶ 423; HESTA ¶ 421; Mondrian ¶ 425; NYC ¶ 427; Stichting ¶ 425; Avalon ¶¶ 315-16; Houston ¶¶ 275-76; Nova Scotia ¶ 399-400.)[8]

---

[8] The South Yorkshire, HESTA, Mondrian, NYC, and Stichting complaints contained a typographical error whereby the date of Defendant McKay's testimony was mistakenly set forth as May 10, 2010. The parties stipulate that the correct date for the allegations set forth in these complaints should be May 19, 2010, which comports with the treatment afforded by the Court in the Alameda Order.

- Negligent misstatement claims based on Suttles's alleged statements during an interview with Good Morning America on May 21, 2010. (*See* South Yorkshire ¶ 434; HESTA ¶ 432; Mondrian ¶ 436; NYC ¶ 438; Stichting ¶ 436; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 404.)

- Negligent misstatement claims based on Suttles's alleged statements during a Unified Command press briefing on May 21, 2010. (*See* South Yorkshire ¶ 435; HESTA ¶ 433; Mondrian ¶ 437; NYC ¶ 439; Stichting ¶ 437; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 405.)

- Negligent misstatement claims based on Suttles's alleged statements during an interview with Weekend Edition on May 22, 2010. (*See* South Yorkshire ¶ 437; HESTA ¶ 435; Mondrian ¶ 439; NYC ¶ 441; Stichting ¶ 439; Avalon ¶ 306; Houston ¶ 266; Nova Scotia ¶ 407.)

- All of Plaintiff Avalon Holdings, Inc.'s claims based on statements made after February 9, 2010.

- All of Plaintiff Premier Ltd's claims based on statements made after March 8, 2010.

- All of Plaintiff Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters' claims based on statements made after May 18, 2010.

- All of Plaintiff Jacksonville Police & Fire Pension Fund's claims based on statements made after May 3, 2010.

- All of Plaintiff The Municipal Employees' Retirement System of Michigan's claims based on statements made after May 18, 2006.

- All of San Mateo County Employees' Retirement Association's claims based on statements made after July 3, 2009.

- All of Plaintiff BayernInvest Kapitalanlagegesellschaft mbH's claims based on statements made after May 6, 2010.

- All of Plaintiff Northern Ireland Local Government Officers' Superannuation Committee's claims based on statements made after April 28, 2010.

- All of Plaintiff Xerox Pensions Limited's claims based on statements made after April 30, 2010.

- All of Plaintiff Cumbria County Council as Administering Authority of the Cumbria Local Government Pension Scheme's claims based on statements made after March 19, 2009.

- All of Plaintiff Lincolnshire County Council's claims based on statements made after May 5, 2010.

- All of Plaintiff Ontario Pension Board's claims based on statements made after May 19, 2010.

- All of Plaintiff The Royal Borough of Kensington and Chelsea's claims based on statements made after May 12, 2010.

- All of Plaintiff London Borough of Redbridge Pension Fund's claims based on statements made after May 4, 2010.

- All of Plaintiff Utah Retirement Systems' claims based on statements made after May 10, 2010.

- All of Plaintiff City of Westminster Council Superannuation Fund's claims based on statements made after April 30, 2010.

- All of Plaintiff Northwestern Mutual Life Insurance Co.'s claims based on statements made after March 12, 2010.

- All of Plaintiff Northwestern Mutual Series Fund, Inc.'s claims based on statements made after December 19, 2008.

- All of Plaintiff Orange County Employees Retirement System's claims based on statements made after April 28, 2010.

- All of Plaintiff John Hancock Funds III's claims based on statements made after March 17, 2010.

- All of Plaintiff John Hancock Tax Advantaged Global Shareholder Yield Fund's claims based on statements made after October 30, 2009.

- All of Plaintiff Hermes Investment Management Limited's claims based on statements made after February 2, 2010

- All of Plaintiff Generali Investments Deutschland Kapitalanlagegesellschaft mbH's claims based on statements made after December 17, 2009.

- All of Plaintiff MEAG Munich Ergo Asset Management GmbH's claims based on statements made after May 11, 2010.

- All of Plaintiff MEAG Munich Ergo Kapitalanlagegesellschaft mbH's claims based on statements made after May 21, 2010.

- All of Plaintiff Allianz Global Investors Europe GMBH's claims based on statements made after April 30, 2010.

- All of Plaintiff The Houston Municipal Employees Pension System's claims based on statements made after January 22, 2010.

- All of Plaintiff South Yorkshire Pension Authority's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be May 4, 2010.

- All of Plaintiff Hadrian Trustees Ltd. in its capacity as Trustee of Shipbuilding Industries Pension Scheme's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be May 5, 2010.

- All of Plaintiff Mondrian Global Equity Fund, L.P.'s claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be October 2, 2009.

- All of Plaintiff Mondrian International Equity Fund, L.P.'s claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be September 4, 2009.

- All of Plaintiff Mondrian Focused International Equity Fund, L.P.'s claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be April 9, 2010.

- All of Plaintiff Mondrian All Countries World Ex-US Equity Fund, L.P.'s claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be May 4, 2010.

- All of Plaintiff Mondrian Group Trust's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be March 25, 2010.

- All of Plaintiff Stichting Pensioenfonds Metaal en Techniek's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be April 30, 2010.

- All of Plaintiff Teachers' Retirement System of the City of New York's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be May 5, 2010.

- All of Plaintiff Nova Scotia Health Employees' Pension Plan's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be February 27, 2009.[9]

IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the undersigned parties, subject to the Court's approval, that, upon entry of this Stipulation, in their forthcoming amended motion to dismiss Defendants shall not move against the operative complaints in the above-captioned actions—including the unamended complaints in the more recently filed NYC and Nova Scotia actions—on the grounds of intent to induce reliance, actual reliance, the Dormant Commerce Clause, or that the U.S. Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), precludes the claims.  In reliance on this stipulation, the NYC and Nova Scotia Plaintiffs are not exercising their right to amend their complaints at this time.

---

[9] The remaining Plaintiffs from the above-captioned actions have not stipulated as to dismissal of claims following their last BP securities purchase date because each of them believes their final purchase post-dates the last misstatement alleged in their respective complaint: Electricity Pensions Trustee Ltd. (May 27, 2010), HESTA Super Fund (June 10, 2010), Stichting Pensioenfonds van de Metalelektro (June 10, 2010), Stichting Aandelenfonds MN Services Europa (June 10, 2010), Stichting Aandelenfonds MN Services Europa III (June 10, 2010), New York City Employees' Retirement System (June 14, 2010),  New York City Police Pension Fund through the New York City Group Trust (June 14, 2010, New York City Fire Department Pension Fund through the New York City Group Trust (June 14, 2010), New York City Board of Education through the New York City Group Trust (June 14, 2010), Teachers' Variable Annuity Funds (June 11, 2010), and New York City Group Trust (June 14, 2010); Metzler Investment GmbH (May 26, 2010); Caisse de dépôt et placement du Québec (May 28, 2010); Nomura Trust and Banking Co., Ltd. (June 1, 2010); Nykredit Asset Management (May 26, 2010); BNP Paribas Investment Partners Belgium NV/SA (May 26, 2010); Teachers' Retirement System of the State of Illinois (May 25, 2010); John Hancock Variable Insurance Trust (May 26, 2010); John Hancock Funds II (June 1, 2010); Marathon Asset Management LLP (June 1, 2010); East Riding Pension Fund (June 1, 2010); Stichting Shell Pensioenfonds (May 26, 2010); Shell Pensions Trust Ltd., as Trustee for the Shell Contributory Pension Fund (May 26, 2010); Shell Trust (Bermuda) Ltd., as Trustee for the Shell International Pension Fund (May 26, 2010); Shell Trust (Bermuda) Ltd., as Trustee for the Shell Overseas Contributory Pension Fund (May 26, 2010); Banco de Sabadell S.A. (June 1, 2010); Shell Pension Trust (May 27, 2010); KBC Asset Management NV (June 1, 2010); Union Asset Management Holding AG (June 11, 2010); Deutsche Asset Management Investmentgesellschaft MBH (June 1, 2010).

-12-

In addition, WHEREAS, the parties in the above-captioned actions have conferred, and agree that, to the extent certain alleged statements were not at issue in *Alameda*, certain motion to dismiss decisions rendered in the ADS class action, *In re BP p.l.c. Securities Litigation*, No. 4:10-md-02185, may be deemed by the Court to be applicable to the above-captioned actions concerning whether certain additional statements alleged to be false or misleading are actionable;

IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the undersigned parties, that, subject to the Court's approval, the following claims from the above-captioned actions are hereby dismissed:

- All claims based on the alleged statement "[w]e document and rigorously follow procedures for safe and effective operating," contained in BP's 2006 Sustainability Report dated May 9, 2007. (*See* Avalon ¶ 229; Houston ¶ 189; KBC ¶ 86; Deutsche ¶ 85.)

- All claims based on the alleged statements not attributable to Hayward in BP's 2007 Annual Review dated February 22, 2008. (*See* Avalon ¶ 241; Houston ¶ 201; KBC ¶ 95; Deutsche ¶ 94.)

- All claims based on the portions of Hayward's alleged statements during the February 27, 2008 strategy presentation call that are only alleged in the Avalon, Houston, KBC, and Deutsche complaints. (*See* Avalon ¶ 243; Houston ¶ 203; KBC ¶ 97; Deutsche ¶ 96.)

- ~~All claims based on the portions of Hayward's speech at BP's Annual General Meeting on April 17, 2008 that are alleged only in the KBC and Deutsche complaints. (*See* KBC ¶ 99; Deutsche ¶ 98.)~~

- ~~All claims based on the portions of Hayward's speech at the HRH Prince of Wales's 3rd Annual Accounting for Sustainability Forum on December 17, 2008 that are alleged only in the Avalon, Houston, KBC and Deutsche complaints. (*See* Avalon ¶ 249; Houston ¶ 209; KBC ¶ 101; Deutsche ¶ 100.)~~

- All claims based on the alleged statements made at the February 2009 Microsoft Global Energy Forum. (*See* Avalon ¶ 251; Houston ¶ 211; KBC ¶ 103; Deutsche ¶ 102.)

-13-

- All claims based on the portions of BP's 2009 Annual Report (Form 20-F) dated March 5, 2010 that are alleged only in the KBC and Deutsche complaints.  (*See* KBC ¶ 112; Deutsche ¶ 111.)

- All claims based on Dudley's May 6, 2010 speech at the Chief Executive's Club.  (*See* Avalon ¶ 313; Houston ¶ 273; KBC ¶ 144; Deutsche ¶ 143.)

December 6, 2013

    /s/ Sammy Ford IV
Sammy Ford IV
Federal Bar No. 950682
Texas Bar No. 24061331
ABRAMAN, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

*Attorneys in Charge for the Alameda, South Yorkshire, Mondrian, HESTA, Stichting, New York City, and Nova Scotia Plaintiffs*

December 6, 2013

    /s/ Matthew L. Tuccillo
Marc I. Gross
Jeremy A. Lieberman
Jason S. Cowart
Matthew L. Tuccillo
Emma Gilmore
Jessica N. Dell
POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS, LLP
600 Third Avenue
New York, NY 10016
Tel: 212-661-1100
Fax: 212-661-8665

*Attorneys for the Alameda, South Yorkshire, Mondrian, HESTA, Stichting, New York City, and Nova Scotia Plaintiffs*

December 6, 2013

      /s/ Bernardo S. Garza
Bernardo S. Garza
Federal Bar No. 4779
Texas Bar No. 03663500
CALLIER & GARZA, LLP
4900 Woodway, Suite 700
Houston, TX 77056
Tel: (713) 439-0248
Fax: (713) 439-1908

*Attorneys in Charge for the Connecticut
Action Plaintiffs*

December 6, 2013

      /s/ Matthew L. Mustokoff
Gregory M. Castaldo
Matthew L. Mustokoff
Michelle M. Newcomer
Margaret E. Onasch
KESSLER TOPAZ MELTZER
  & CHECK, LLP
280 King of Prussia Road
Radnor, PA 198087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Attorneys for the Connecticut Action Plaintiffs*

December 6, 2013                      _/s/ Gregory M. Utter_____
                                      Gregory M. Utter
                                      KEATING MUETHING & KLEKAMP PLL
                                      One East Fourth Street
                                      Suite 1400
                                      Cincinnati, OH 45202
                                      Phone: (513) 579-6540
                                      Fax: (5

                                      *Attorneys for the Ohio Action Plaintiffs*


                                      _/s/ Jeffrey C. Block_____
December 6, 2013                      Jeffrey C. Block
                                      BLOCK & LEVITON LLP
                                      155 Federal Street, Suite 1303
                                      Boston, MA 02110
                                      Phone: (617) 398-5600
                                      Fax: (617) 507-6020

                                      *Attorneys for the Ohio Action Plaintiffs*


December 6, 2013                      _/s/ Thomas W. Taylor_____
                                      Thomas W. Taylor
                                      Texas State Bar No. 19723875
                                      S.D. Tex. Bar No. 3906
                                      ANDREWS KURTH LLP
                                      600 Travis, Suite 4200
                                      Houston, Texas 77002
                                      Telephone: (713) 220-4200
                                      Facsimile: (713) 220-4285
                                      ttaylor@andrewskurth.com

                                      *Attorneys in charge for Defendants BP p.l.c.,*
                                      *BP America, Inc., and BP Exploration &*
                                      *Production, Inc.*

December 6, 2013

__/s/ Daryl A. Libow_____
Daryl A. Libow (pro hac vice)
Amanda F. Davidoff
Elizabeth A. Rose
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
libowd@sullcrom.com
davidoffa@sullcrom.com
rosee@sullcrom.com

*Attorneys for Defendants BP p.l.c., BP
America, Inc., and BP Exploration &
Production, Inc.*

December 6, 2013

__/s/ Marc. De Leeuw_____
Richard C. Pepperman, II (pro hac vice)
Marc De Leeuw (pro hac vice)
Matthew A. Peller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
peppermanr@sullcrom.com
deleeuwm@sullcrom.com
pellerm@sullcrom.com

*Attorneys for Defendants BP p.l.c., BP
America, Inc., and BP Exploration &
Production, Inc.*

December 6, 2013

Kathleen H. Goodhart
Kathleen H. Goodhart
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111
Telephone: (415) 693-2000

Stephen C. Neal
COOLEY LLP
3175 Hanover Street
Palo Alto, California  94304
Telephone: (650) 843-5000

*Attorneys for Andrew G. Inglis*

December 6, 2013

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr. (pro hac vice)
Roberto Finzi (pro hac vice)
Jaren Janghorbani (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000

*Attorneys for Defendant Douglas Suttles*

December 6, 2013

/s/ Patrick F. Linehan
Patrick F. Linehan (pro hac vice)
Reid H. Weingarten (pro hac vice)
Brian M. Heberlig (pro hac vice)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000

*Attorneys for Defendant David Rainey*

-18-

December 6, 2013                    /s/ Joe Kendall
                                    Joe Kendall
                                    3232 McKinney Avenue
                                    Suite 700
                                    Dallas, TX 75204
                                    Tel.: (214) 744-3000
                                    Fax: (214) 744-3015

                                    **SPECTOR ROSEMAN KODROFF
                                    & WILLIS, P.C.**
                                    Mark S. Willis
                                    1101 Pennsylvania Avenue, N.W.
                                    Suite 600
                                    Washington, D.C. 20004
                                    Tel.: (202) 756-3601
                                    Fax: (202) 756-3602

                                    Robert M. Roseman
                                    Andrew D. Abramowitz
                                    Daniel J. Mirarchi
                                    1818 Market Street
                                    Suite 2500
                                    Philadelphia, PA 19103
                                    Tel.: (215) 496-0300
                                    Fax: (215) 496-6611

                                    *Attorneys for the Avalon and Houston Action Plaintiffs*


December 6, 2013                    /s/ J. Brandon Walker
                                    Ira M. Press
                                    J. Brandon Walker
                                    KIRBY McINERNEY LLP
                                    825 Third Avenue, 16th Floor
                                    New York, NY 10022
                                    Telephone: (212) 371-6600
                                    Fax: (212) 699-1194

                                    *Attorney for the KBC and Deutsche Action Plaintiffs*

IT IS SO ORDERED.

Signed: _10 December_, 2013

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE