**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| This document relates to: | |
| *Avalon Holdings Inc., et al.* v. *BP p.l.c. et al.* | No. 4:12-cv-03715 |
| ---------------------------------------------------- | |
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| | Honorable Keith P. Ellison |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

On February 9, 2016, Plaintiffs in *Avalon Holdings, Inc. et al. v. BP p.l.c. et al.* filed their Second Amended Complaint (No. 4:12-cv-03715, Dkt. No. 119) (the "*Avalon Holdings* SAC")[1] asserting English law claims based on their purchases of BP ordinary shares between February 22, 2008 and June 25, 2010, and Exchange Act claims for certain plaintiffs based on their purchases of BP's American Depositary Shares ("ADSs") between November 8, 2007 and April 20, 2010 (the "ADS Relevant Period").[2] On February 24, 2016, the Court entered an order in *Avalon Holdings* incorporating all of its previous orders on dispositive motions filed in both the federal securities class action and the individual action cases (the "Replication Order"). AH Dkt. No. 120. The Replication Order addressed and resolved the legal sufficiency of the claims alleged by *Avalon Holdings* with one exception – whether the *Avalon Holdings* SAC adequately pleads a claim under Section 20(a) of the Securities Exchange Act of 1934 against defendant Andrew Inglis. On

---

[1] All references to the *Avalon Holdings* SAC herein appear as "¶ __."
[2] Any citations to the specific *Avalon Holdings* docket appears as "AH Dkt. No. __."

September 28, 2016, Defendants filed a fifty-page motion to dismiss, which includes a one paragraph argument now seeking dismissal of this Section 20(a) claim against defendant Inglis.[3]

Section 20(a) imposes joint and several liability on an individual who has the power to control a primary violator of the Exchange Act, such as a corporation. *See Collmer v. U.S. Liquids, Inc.*, 268 F. Supp. 2d 718, 727 n.11 (S.D. Tex. 2003); *see also Fitzpatrick v. Uni-Pixel, Inc.*, 35 F. Supp. 3d 813, 835 (S.D. Tex. 2014) ("[A]n individual defendant can have § 20(a) liability for statements attributed to a corporate entity . . . ."). In the Fifth Circuit, "a plaintiff must plead facts indicating that defendants not directly involved in the making of actionable misrepresentations nonetheless 'had the requisite power to directly or indirectly control or influence corporate policy.'" *In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 640 (S.D. Tex. 2013) (citing *G.A. Thompson & Co. Inc. v. Partridge,* 636 F.2d 945, 958 (5th Cir.1981)). "Such a showing can be made by pointing to day-to-day control of a company's operations, knowledge of the underlying primary violation by the controlled person, or facts showing the defendant had the requisite power to influence corporate policies." *In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 792 (S.D. Tex. 2012).

Contrary to Defendants' suggestion that Plaintiffs here have not alleged anything more than defendant Inglis' "position or title" to establish control person liability, *see* Defs. Br. at 49, the *Avalon Holdings* SAC clearly established that defendant Inglis "had the requisite power to directly or indirectly control or influence corporate policy" beyond what was previously alleged in the federal securities class action. *BP*, 922 F. Supp. 2d at 640. Defendant Inglis served as the CEO of BP Exploration and Production ("BP E&P") and as an executive director of BP from February 2007 until October 2010. ¶ 81. During the ADS Relevant Period, defendant Inglis

---

[3] All citations to Defendants' brief appear herein as "Defs. Br. at ___."

attended meetings of the Safety, Ethics and Environment Assurance Committee ("SEEAC"), which was responsible for, among other things, ensuring that the Baker Panel's recommendations were implemented.  ¶¶ 17, 324.  He was also a member of the Group Operations Risk Committee ("GORC"), which was tasked with monitoring and examining BP's safety protocols, including the Operating Management System ("OMS").  *See*, *e.g.*, ¶¶ 17, 111 (GORC oversaw the OMS audit function); ¶ 112 (Inglis received regular updates on the status and progress of the OMS implementation through the Orange Book, which provided GORC members with key performance and progress indicators relating to OMS); ¶ 140 (former Global Head of Safety & Operations for BP confirmed that defendant Inglis, among others, would have known the limitations of OMS because OMS's scope was approved by GORC"); ¶¶ 139, 329-330 (GORC members made the decision to not apply key elements of OMS, including S&O Audits and Major Accident Risk analysis, to Gulf of Mexico joint ventures and Gulf of Mexico exploration, including the *Deepwater Horizon*); *see also* USS FAC ¶ 117 ("in February of 2009, Defendant Hayward received a report directly from Defendant Inglis confirming that the Gulf of Mexico had not completed the transition to OMS by the conclusion of 2008"); ¶ 356(b) ("Approximately one month prior to publication of BP's 2008 Annual Report, Defendant Hayward received a report directly from Defendant Inglis confirming that the Gulf of Mexico had not completed the transition to OMS by the conclusion of 2008").  There is no question that the implementation of the Baker Panel's recommendations and overseeing the roll-out of OMS across BP's operations are critical to Plaintiffs claims here and defendant Inglis was a key component in overseeing both.  Finally, defendant Inglis conceded that "[a]s the CEO of the exploration and production company, I am responsible for the safe and reliable operations across all of the E&P operations globally." ¶ 313. Based on these facts, Plaintiffs' allegations that defendant Inglis controlled BP through his position

3

with BP E&P and his involvement with SEEAC and GORC are more than enough to prevail on a Rule 12(b)(6) motion to dismiss.

For the reasons stated above, the Court should deny Defendants' Motion to Dismiss the Amended Complaints with respect to the Section 20(a) claims against defendant Inglis as alleged in the *Avalon Holdings* Second Amended Complaint.

Respectfully submitted,

Dated: March 9, 2017  **KENDALL LAW GROUP, PLLC**

By: /s/ *Joe Kendall*
Joe Kendall
3232 McKinney Avenue
Suite 700
Dallas, TX 75204
Tel.: 214.744.3000
Fax: 214.744.3015

*Attorney in Charge*

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
Mark S. Willis
1101 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C. 20004
Tel.: 202.756.3601
Fax: 202.756.3602

Robert M. Roseman
Andrew D. Abramowitz
Daniel J. Mirarchi
Joshua B. Kaplan
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Tel.: 215.496.0300
Fax: 215.496.6611

*Counsel for the Avalon Holdings Plaintiffs*

## Certificate of Service

    I certify that a true and correct copy of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaints was served by e-filing on the 9th day of March, 2017, on all counsel of record.

**KENDALL LAW GROUP, PLLC**

By: /s/ *Joe Kendall*
Joe Kendall
3232 McKinney Avenue
Suite 700
Dallas, TX 75204
Tel.:  214.744.3000
Fax:  214.744.3015

*Attorney in Charge*